# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

LAUSTEVEION JOHNSON,

        Plaintiff,

vs.

GENTRY, *et al.*,

        Defendants.

2:17-cv-01671-APG-VCF

**ORDER**

Before the court are Plaintiff's Request for the Court to Unseal Defendants' Addresses and Motion to Extend Time to Serve Defendants (ECF Nos. 20 and 21).

<u>Relevant background:</u>

On July 12, 2018, the court issued a screening order. (ECF No. 9). The Office of the Attorney General was ordered to file a notice advising the court and Plaintiff of the names of those defendants for whom it is accepting service, the names of the defendants for whom it does not accept service, and the names of the defendants for whom it is filing the last-known-address under seal. (ECF No. 9).

On August 17, 2018, the Office of the Attorney General's office accepted service for Defendants James Dzurenda, Frank Dreesen, Regina Barrett, Joseph Lewis, and Timothy Knatz. (ECF No. 15). The State of Nevada Office of the Attorney General did not accept service on behalf of Defendants Jo Gentry, Adams, John Doe Doctor, John Doe Nurse, Jane Doe Mental Health Staffer, and David Willis. The State of Nevada Office of the Attorney General filed under seal the last-known-address information for Defendants Jo Gentry and David Willis. Defendants Jo Gentry and David Willis have not yet been served.

On October 31, 2019, the Court entered a Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure as to Defendants Gentry, Adams, and David Willis. (ECF No. 19).

Plaintiff now seeks the court to unseal the address of Defendants Gentry and Willis to allow Plaintiff's old friends to serve Summons and Complaint on them. (ECF No. 20 at p. 2). Plaintiff has not given good cause why he needs the court to unseal the address of Defendants Gentry and Willis. This request is denied.

Plaintiff seeks the court to extend time the 4(m) deadline to effectuate service on Defendants Jo Gentry, Adams, and David Willis. Plaintiff states that he tried to work with the U.S. Marshal to serve Defendants Jo Gentry and David Willis, but it seems as though there were some miscommunications between Plaintiff and the U.S. Marshal. (ECF No. 21). The court, thus, grants Plaintiff's request to extend the 4(m) deadline on Defendants Jo Gentry and David Willis.

The Office of the Attorney General has stated that it could not accept service on Defendant Adam because it is unable to identify Defendant Adam. (ECF No. 22). Plaintiff did not properly identify Adams in his Complaint. To date, Plaintiff has not remedied this matter. The 4(m) deadline will not be extended on Defendant Adam.

Accordingly,

IT IS HEREBY ORDERED that Motion to Extend Time to Serve Defendants (ECF No. 21) is GRANTED in part and DENIED in part. Service on Defendants Jo Gentry and David Willis must be perfected on or before February 11, 2019.

IT IS FURTHER ORDERED that Plaintiff's Request for the Court to Unseal Defendants' Addresses (ECF No. 20) is DENIED.

The Clerk of Court is directed to reissue summons (under seal) with the sealed address of Gentry and Willis as provided in ECF NO. 16 to defendants Jo Gentry and David Willis herein, and deliver same with copies of the Complaint, to the U.S. Marshal for service, and send blank copies of the USM-285

forms to the Plaintiff. Plaintiff has twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of December, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE