UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GENTRY, et al.<br><br>    Defendants. | Case No. 2:17-cv-01671-APG-EJY<br><br>**ORDER** |

Before the Court is *pro se* inmate Plaintiff Lausteveion Johnson's ("Plaintiff") Motions for Appointment of Counsel ("Motions") (ECF Nos. 84, 89, 99). Defendants Regina Barrett, Frank Dreesen, James Dzurenda, Timothy Knatz, Joseph Lewis, and David Willis ("Defendants") filed Responses to Plaintiff's Motions ("Responses") (ECF Nos. 101, 102, 103).[1]

A *pro se* litigant does not have a constitutional right to appointed counsel upon filing a 42 U.S.C. § 1983 civil rights claim. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Instead, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). When considering the potential appointment of counsel for an indigent *pro se* plaintiff, the Court must consider whether there are "exceptional circumstances" warranting such an appointment. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The Ninth Circuit employs a two-prong test to determine whether exceptional circumstances are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court must evaluate the "likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1311 (9th Cir. 1986)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on [a] request [for] counsel." *Wilborn*, 789 F.2d at 1331. However, the circumstances in which a court will grant a *pro se* plaintiff's request for counsel in a

---

[1] Plaintiff's first two motions (ECF Nos. 84, 89) are exactly duplicated. Plaintiff's third motion (ECF No. 99) is virtually identical to the first two motions, with three pages of his argument omitted. Defendants' Responses (ECF Nos. 101, 102, 103) are all identical. In light of this, the Court cites Plaintiff's first motion (ECF No. 89) and Defendants' first response (ECF No. 101) in the remainder of this Order.

1

civil rights action are "exceedingly rare," and a court will grant such a request under "only extraordinary circumstances." *Anderson v. Nevada*, Case No. 3:16-cv-00056-RCJ-WGC, 2017 WL 11479417, at *1 (D. Nev. Nov. 22, 2017) (citing *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn*, 789 F.2d at 1331).

Here, Plaintiff requests the Court appoint counsel to represent him because: (1) Plaintiff survived summary judgment, with multiple claims against multiple defendants left for trial; (2) Plaintiff is incarcerated and unable to investigate the facts of this case because he does not have access to prisoner witnesses and his medical records; (3) Plaintiff's case will involve conflicting expert medical testimony; (4) Plaintiff suffers from post traumatic stress disorder, which will interfere with his ability to present his case; (5) Plaintiff's case involves complex legal and medical issues that Plaintiff is unable to handle; (6) Plaintiff is incarcerated and cannot afford counsel; and (7) Plaintiff has sought but has failed to retain *pro bono* counsel. ECF No. 84 at 1-3. Plaintiff's claims that may go to trial include a First Amendment retaliation and Eighth Amendment excessive force claim against Defendant Willis; a First Amendment retaliation claim against Defendant Barrett; an Eighth Amendment deliberate indifference to medical needs claim against Defendants Dzurenda and Gentry; and an Eighth Amendment conditions of confinement claim against Defendants Dzurenda and Gentry. ECF No. 74 at 17.

Applying the first prong of the *Terrell* test to the above, it is true that Plaintiff may ultimately prevail on one or more of his remaining claims; however, the second prong of the *Terrell* test weighs against appointment of counsel as Plaintiff has no problem articulating his claims through the summary judgment stage. *Green v. High Desert State Prison Medical Department*, Case No. 2:17-cv-00090-APG-CWH, 2018 WL 11301195, at *1 (D. Nev. Dec. 03, 2018) (plaintiff's ability to navigate through pleadings, discovery, and summary judgment demonstrated his ability to articulate his claims without an attorney).

Returning to the first prong, Plaintiff argues that his status as a prisoner makes it difficult to investigate the facts and to litigate his case. ECF No. 84 at 2. While the Court agrees that Plaintiff, as a pro se litigant and an inmate, would likely benefit from retaining counsel, that is true for every pro se prisoner matter. These factors do not give rise to the appointment of counsel. *Pinder*, 2020

WL 888046, at *2 (citing *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990)). Plaintiff's "inability to retain counsel does not rise to the standard of exceptional circumstances." *Garcia v. Las Vegas Metropolitan Police Dep't*, Case No. 2:17-cv-02504-APG-BNW, 2020 WL 3404730, at *3 (D. Nev. June 19, 2020). And, in contrast to many pro se plaintiff's, Plaintiff in this case "has litigated more than 40 civil cases and currently has approximately eight (8) open civil cases" (ECF No. 101 at 7) demonstrating a far greater understanding of legal proceedings and supporting the conclusion that Plaintiff can competently articulates his claims. *Bacon v. Cox*, Case No. 2:18-cv-00319-JAD-NJK, 2019 WL 8013764, at *1 (D. Nev. Feb. 28, 2019).

The Court next looks to the complexity of the legal issues left to be litigated at trial to determine if Plaintiff has established the requisite exceptional circumstances to warrant court-appointed counsel. To this end, Plaintiff's First Amendment retaliation claims, Eighth Amendment excessive force claim, Eighth Amendment deliberate indifference to medical needs claims, and Eighth Amendment conditions of confinement claims are not legally complex. *Pinder v. Byrne*, Case No. 3:16-cv-00742-MMD-WGC, 2020 WL 888046, at *2 (D. Nev. Feb. 24, 2020) (Eighth Amendment conditions of confinement and First Amendment retaliation claims insufficiently complex to warrant an appointment of counsel); *Vigil v. Maguire*, Case No. 3:18-cv-00424-MMD-WGC, 2020 WL 1856455, at *2 (D. Nev. Apr. 13, 2020) (Eighth Amendment excessive force claim insufficiently complex to warrant an appointment of counsel); *Bacon*, 2019 WL 8013764, at *1 (Eighth Amendment deliberate indifference to serious medical needs claim insufficiently complex to warrant an appointment of counsel). Plaintiff argues that this case will involve expert medical testimony regarding his head injury and the severity of his mental health issues (ECF No. 84 at 2); however, "neither party has noticed any expert witnesses, medical or otherwise." ECF No. 101 at 6. Moreover, discovery closed in this matter on June 3, 2020. ECF No. 55. And, as a general matter, the existence of considerable discovery or conflicting testimony does not rise to the standard of exceptional circumstances necessary to grant a request for the appointment of counsel. *Garcia*, 2020 WL 3404730, at *3. Plaintiff also stated that his post-traumatic stress disorder would interfere with his ability to present his case at trial. ECF No. 84 at 2-3. While unfortunate, Plaintiff's mental infirmities have not impeded him from litigating his claim thus far. So long as a *pro se* litigant can

3

"articulate his claims against the relative complexity of the matter, the exceptional circumstances that might require the appointment of counsel do not exist." *Garcia*, 2020 WL 3404730, at *3.

As indicated, while Plaintiff may prevail on the merits of some pending claims, the Court finds no reason to believe that Plaintiff will be unable to articulate his claims at trial. Having presented no exceptional circumstances warranting court-appointed counsel, Plaintiff's Motion for Appointment of Counsel (ECF No. 84) is therefore denied without prejudice.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 84) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motions for Appointment of Counsel (ECF Nos. 89, 99) are DENIED as moot and duplicative.

DATED this 7th day of July, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE