UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON, | Case No.: 2:17-cv-01671-APG-EJY |
| Plaintiff | **Order** |
| v. | [ECF No. 108] |
| GENTRY, et al., | |
| Defendants | |

 Plaintiff Lausteveion Johnson moves for clarification as to whether the present lawsuit includes a claim against defendant David Willis for filing a retaliatory false notice of charges against Johnson on January 26, 2017. ECF No. 108.  The defendants did not respond.

 In May 2019, Johnson moved to amend to add claims against Willis that on January 26, 2017, Willis retaliated against Johnson by slamming his head in a steel gate and writing a false notice of charges against Johnson related to the gate incident that same day. ECF No. 40.  The defendants opposed the motion because the proposed amendment was untimely and because it did more than just add claims based on already-pleaded facts.  Instead, it added adding numerous factual allegations about Willis supposedly preaching Christianity and taking action against Johnson for being Muslim. ECF No. 41.

 Magistrate Judge Ferenbach denied the motion to amend because Johnson was attempting to litigate those same claims against Willis and another defendant in a separate case. ECF No. 43.  Johnson objected. ECF No. 44.  I modified Judge Ferenbach's order because by the time the objection was before me, Johnson had voluntarily dismissed his other case, so duplicative claims were no longer pending. ECF No. 48.  I granted him leave to add an excessive force claim against Willis because Johnson had already alleged that Willis slammed his head in the gate. *Id*.

But I denied amendment as to religious discrimination because it was a late amendment seeking to add new facts that were previously known to Johnson. *Id.*  My order did not refer either way to a retaliation claim against Willis for filing a false notice of charges. *Id.*  Nor did my order on summary judgment. ECF No. 74.

I hereby clarify that Johnson's amended complaint includes a First Amendment retaliation claim against Willis for allegedly filing a false notice of charges against Johnson on January 26, 2017 in retaliation for Johnson filing grievances.  The amended complaint contains relevant allegations and Johnson moved to amend to add that claim. ECF Nos. 40 at 1; 50 at 6.  I allowed amendment in relation to the gate incident, from which the allegedly false notice of charges arises.  The defendants did not respond to the motion for clarification, so they have not identified any prejudice in allowing this claim to proceed.  Willis denies he intentionally slammed the gate on Johnson and he contends that Johnson was caught in the gate because Johnson failed to follow the rules about waiting to be signaled through the gate.  The allegedly false notice of charges was based on Johnson failing to follow the rules in going through the gate.  Johnson alleges both the head slamming and the related notice of charges were in retaliation for Johnson filing grievances.  Because the jury will believe either Willis or Johnson's version of the gate incident, I see no prejudice in allowing the claim to proceed.

If the defendants believe that further discovery is needed because of this clarification, they may file a properly supported motion explaining why discovery should be reopened on this claim only.  If so, the motion is due by August 16, 2021.  In the meantime, the parties should continue preparation of the proposed joint pretrial order consistent with my July 22, 2021 order, with the assumption that Johnson's First Amendment retaliation claim against Willis for filing a

retaliatory false notice of charges on January 26, 2017 is proceeding to trial along with the other claims that survived summary judgment.

I THEREFORE ORDER that plaintiff Lausteveion Johnson's motion for clarification **(ECF No. 108) is GRANTED**. I clarify that Lausteveion Johnson's amended complaint includes a claim for First Amendment retaliation against defendant David Willis based on Willis allegedly filing a false notice of charges against Johnson on January 26, 2017 in retaliation for Johnson filing grievances.

I FURTHER ORDER that if the defendants believe further discovery is needed, they must file a properly supported motion to reopen discovery on this claim only by August 16, 2021.

I FURTHER ORDER that the proposed joint pretrial order is still due by September 2, 2021.

DATED this 4th day of August, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE