# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>　　　Plaintiff<br><br>v.<br><br>GENTRY, et al.,<br><br>　　　Defendants | Case No.: 2:17-cv-01671-APG-EJY<br><br>**Order Rejecting Proposed Joint Pretrial Order**<br><br>[ECF No. 121] |

　　　The parties' proposed Joint Pretrial Order (ECF No. 121) does not comply with Local Rules 16-3 and 16-4.  As with their previously rejected proposed orders, in this newly proposed order, each party lists "Any and all other exhibits that may support the statements of facts and law cited herein and to rebut [the other side's] statements, claims, and testimony." ECF No. 121 at 12, 13.  I rejected this before and told the parties that a catch-all entry like "any and all other exhibits" violates Local Rule 16-3(b)(8)(B). ECF No. 110 at 1.

　　　Similarly, the defendants repeat another error from their previously rejected order, again listing "[a]ny and all other witnesses that have personal knowledge supporting Defendant's statement of fact or law cited herein." ECF No. 121 at 15.  In rejecting this the last time, I pointed out to the defendants that such an "attempt to reserve the right to call literally anyone at trial violates Local Rule 16-3(b)(12)." ECF No. 110 at 1.  Ignoring my directives comes with potential peril.

　　　Both "Plaintiff and Defendants reserve the right to interpose objections to the calling of any named witness listed above prior to or at trial." ECF No. 121 at 15.  That, too, is improper.  Objections must be listed in the Joint Pretrial Order, not reserved for a later date.

The plaintiff's exhibit list includes over 119 exhibits. It is nearly impossible to use that many exhibits in a four-to-five-day trial. It appears the plaintiff simply listed every document he could think of, without considering whether each is relevant and persuasive to the claims and defenses involved at trial.

As I stated in my prior order, Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement. The parties cannot simply wait to make trial decisions until the eve of trial. Nor may the parties simply list every document that has been produced in the case. Such tactics prevent full participation in settlement discussions and deprive the other side the ability to efficiently prepare for trial. The parties continue to ignore Local Rule 16-3 and my prior order. I will give the parties one final chance to discuss and submit a proper Joint Pretrial Order. The failure to do so, or continued violations of the rules and my orders, may result in sanctions, including dismissal of the plaintiff's claims and the defendants' defenses, as well as sanctions against parties and counsel.

I THEREFORE ORDER that the parties' Joint Pretrial Order (**ECF No. 121) is REJECTED.** The parties shall confer as required in Local Rule 16-3 and submit a Joint Pretrial Order that complies with Local Rules 16-3 and 16-4 **by December 10, 2021**.

DATED this 27th day of October, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE