FRANK M. FLANSBURG III, ESQ., Nevada Bar No. 6974
fflansburg@bhfs.com
EMILY A. ELLIS, ESQ., Nevada Bar No. 11956
eellis@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada  89106
Telephone:	702.382.2101
Facsimile:	702.382.8135

*Attorneys for Plaintiff Lausteveion Johnson*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JAMES DZURENDA; FRANK DREESEN; REGINA BARRETT; JOSEPH LEWIS; TIMOTHY KNATZ; DAVID WILLIS AND JO GENTRY,<br><br>　　　　　　Defendants. | CASE NO. 2:17-cv-01671-APG-EJY<br><br>**JOINT STIPULATION AND ORDER TO CONTINUE THE DEADLINE TO FILE A JOINT DISCOVERY PLAN AND SCHEDULING ORDER REGARDING REOPENING DISCOVERY**<br><br>**(FIRST REQUEST)** |

Plaintiff, Lausteveion Johnson ("Plaintiff"), by and through his appointed counsel, Frank M. Flansburg, III, Esq., and Emily A. Ellis, Esq., of the law firm Brownstein Hyatt Farber Schreck, LLP, and Defendants, James Dzurenda, Frank Dreesen, Regina Barrett, Joseph Lewis, Timothy Knatz, David Willis, and Jo Gentry ("Defendants", and together with Plaintiff, the "Parties") by and through their counsel Aaron D. Ford, Esq., and Austin T. Barnum, Esq., hereby submit this Joint Stipulation and Order to Continue the Deadline to file a Joint Discovery Plan and Scheduling Order Regarding Reopening Discovery.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    RELEVANT BACKGROUND**

On August 2, 2022, this Court held a status conference in this matter (the "Status Conference"). During the Status Conference, the Parties informed the Court that they were working

24600108.3

together to agree upon the reopening of discovery and the parameters of the same. In light of this, the Court ordered the Parties to work together and file, on or before August 26, 2022, either (i) a stipulation to reopen discovery, which would include a proposed revised discovery plan, or (ii) a joint motion with competing proposals due. Following the Status Conference, the Parties worked diligently to agree upon the terms of a stipulation to reopen discovery, including engaging in written meet and confer efforts as well as lengthy personal telephonic conferences. As a result of these good faith meet and confer efforts, the Parties have orally agreed to certain terms for reopening discovery.

However, the Parties have not had the opportunity to formalize the agreement and prepare a stipulation by the Court ordered deadline. That is, counsel for Defendants recently received orders from the military that he would be deployed for three weeks, starting August 26, 2022, during which time he will not be able to participate in this case. Additionally, counsel for Plaintiff, Troy Domina, left the law firm of Brownstein Hyatt Farber Schreck, LLP, with his last of August 26, 2022. Because of the foregoing, the Parties require additional time to formalize the stipulation to reopen discovery and hereby request that the Court extend such deadline to October 7, 2022. Moreover, the instant stipulation is being filed after the expiration of the August 26th deadline because there was a misunderstanding as to what day was Defendants' counsel's last day in the office, and counsel had already left for duty before the stipulation could be agreed upon and submitted to the Court.

## II. LEGAL DISCUSSION

### A. EXTENDING TIME.

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
    (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
    (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed.R.Civ.P. 6(b)(1).[1]

---

[1] LR IA 6-1(a): "A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the

1  The United States Supreme Court has recognized, "Rule 6(b) gives the court *extensive flexibility* to modify the fixed time periods found throughout the rules, whether the enlargement is sought before or after the actual termination of the allotted time." *Lujan v. Nat'l Wildlife Fed.,* 497 U.S. 871, 906 n. 7 (1990) (internal quotation marks and citation omitted) (emphasis added); *see also Perez-Denison v. Kaiser Found. Health Plan of the Nw.*, 868 F. Supp. 2d 1065, 1079 (D. Or. 2012) (citing and quoting *Lujan*, 497 U.S. at 906). Further, this rule, like all the Federal Rules of Civil Procedure is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). Regarding "good cause," it is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Id.* (citing several circuits *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir.2004); *Thomas v. Brennan*, 961 F.2d 612, 619 (7th Cir.1992); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987)).

Based on the foregoing, the Parties submit that excusable neglect exists surrounding the timing of the instant request and that good cause exists to grant the requested extension. As such, the Parties hereby stipulate and request the Court grant them an extension of the deadline for the parties to file a Joint Discovery Plan and Scheduling Order Regarding Reopening Discovery to October 7, 2022.

. . .

. . .

. . .

---

court granted." Further, a "stipulation or motion seeking to extend the time to file an opposition or reply to a motion, or to extend the time fixed for hearing a motion, must state in its opening paragraph the filing date of the subject motion or the date of the subject hearing." LR IA 6-1(c).

24600108.3                                                     - 3 -

## III. CONCLUSION

For the reasons stated above, the Parties hereby stipulate and respectfully request the Court continue the deadline to file a Joint Discovery Plan and Scheduling Order Regarding Reopening Discovery to October 7, 2022.

| | |
|---|---|
| DATED this 29th day of August, 2022<br><br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br><br>BY: */s/ Emily A. Ellis*<br>　　FRANK M. FLANSBURG III, ESQ.<br>　　EMILY A. ELLIS, ESQ.<br><br>*Attorneys for Plaintiff Lausteveion Johnson* | DATED this 29th day of August, 2022<br><br>STATE OF NEVADA OFFICE OF ATTORNEY GENERAL<br><br>BY: */s/ Austin T. Barnum*<br>　　AARON D. FORD, Attorney General<br>　　AUSTIN T. BARNUM Deputy Attorney General<br><br>*Attorneys for Defendants Regina Barrett, Frank Dreesen, James Dzurenda, Timothy Knatz, Joseph Lewis, and David Willis* |

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the foregoing stipulation is approved and the deadline to file a Joint Discovery Plan and Scheduling Order Regarding Discovery currently scheduled for August 26, 2022, is VACATED and rescheduled for October 7, 2022.

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

DATE: August 29, 2022